IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN WHITTINGTON,  )
  )
                Plaintiff,  )
  )
vs.  )    Case No. 17-cv-0185-MJR-SCW
  )
SALINE COUNTY ILL. CIRCUIT JUDGE,  )
SALINE COUNTY ILL. CIRCUIT CLERK,  )
RANDY NYBERG, and  )
JACKSON COUNTY ILL. SHERRIFF'S  )
DEPARTMENT,  )
  )
                Defendants.  )

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### I. Introduction

On February 21, 2017, Plaintiff Brian Whittington filed a complaint before this Court against the Defendants seeking to alter, amend, or otherwise relieve himself of various child support obligations imposed by an Illinois court (Doc. 1). The Court conducted an initial screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff sought to proceed *in forma pauperis*. Finding no jurisdiction for the Court to entertain Plaintiff's claims, the Court dismissed Plaintiff's original complaint with leave to amend (Doc. 6). The Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff seeks to proceed *in forma pauperis*.[1]

---

[1] Plaintiff filed two amended complaints (Doc. 8 and Doc. 10) one day apart. Having reviewed both filings, and finding them substantially similar, the Court cites exclusively to Doc. 10 in this Order for ease of reference. Plaintiff also filed a third amended complaint with leave of court (Doc. 15). The Court reviewed all of these pleadings in composing this order.

In his Amended Complaint, Plaintiff claims that he was deprived of due process because the Saline County Circuit Court did not have jurisdiction over him due to inadequate service of process. Specifically, Plaintiff alleges that Defendants committed fraud by issuing the summons "based upon an unverified, uncorroborated false sworn statement" about where he resided (Doc. 10 at 5). He also claims that Defendants committed intentional or negligent infliction of emotional distress via their due process violations (*Id.* at 15). Finally, he alleges that 305 ILCS 5/10-1, the law that the Saline County Circuit Court used as the basis to withhold Plaintiff's wages, is unconstitutional (*Id.* at 14). Plaintiff seeks a declaration that his due process rights were violated and compensatory and punitive damages for an amount to be determined by the Court (*Id.* at 16). In total, the new complaint contains four counts, up from two in the original complaint.

Section 1915(e)(2) screening requires a court to dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e).** The Court now turns to this portion of the inquiry, finding that, despite the alterations made in the Amended Complaint, Plaintiff still has failed to set forth a claim upon which this Court will grant relief because this Court lacks jurisdiction as to some of the claims and because the others are insufficiently pled to state a claim.

## II. Facts

This Court's first dismissal order thoroughly catalogued the facts of Plaintiff's complaint; here the Court will briefly summarize those facts, but will spend more time elaborating on the new claims presented (*See* Doc. 6 for additional facts).

Plaintiff alleges that his trouble with Saline County began as early as 1992 or 1993 when the Saline County Circuit Court apparently entered an order of wage withholding against him for child support (Doc. 10 at 5-6). He claims that he never received notice of legal proceedings in Saline County because, at the time of the proceedings, he was incarcerated in Mississippi (*Id.*). He first learned of the withholding when he noticed his wages being garnished upon relocation to Illinois in 1998 (*Id.* at 7). At that time, he contacted the Saline County Circuit Court but was denied any relief (*Id.*). Moreover, Plaintiff alleges that Defendants' endorsement of the statement that listed an inaccurate address for him amounted to fraud (*Id.* at 5-6). He alleges that Defendants' actions led him to suffer from "anxiety, depression, and paranoia" (*Id.* at 15).

In the Amended Complaint, Plaintiff elaborated on his allegations that the Saline County Circuit Court committed fraud.[2] He alleges that Saline County officials committed fraud by accepting, endorsing, and filing an unverified and untrue statement regarding his residency (*Id.* at 5-6). Plaintiff attempted to bolster his claim that the Saline County Circuit Court departed from proper procedure by citing numerous Illinois procedural rules that the state court allegedly violated (*Id.* at 7-8). Plaintiff alleges that these acts not only violated procedural due process, but also substantive due process because of the financial and emotional toll that resulted from the state court ruling (*Id.* at 12).

---

[2] Plaintiff references exhibits in the Amended Complaint, but no exhibits were attached thereto.

This Court previously dismissed Plaintiff's Complaint because the Court lacked jurisdiction pursuant to the *Rooker-Feldman*[3] doctrine (Doc. 6 at 6). In his efforts to remedy this defect, Plaintiff's Amended Complaint omits references to Federal Rule of Civil Procedure 60(b)(4) and cites precedent that purports to support his claim that *Rooker-Feldman* should not apply (Doc. 10 at 9-10). In addition to his *Rooker-Feldman* arguments, Plaintiff includes a section in the Amended Complaint refuting anticipated statute of limitation defenses (*Id.* at 13).

Moreover, Plaintiff states an additional theory upon which relief may be granted. Plaintiff alleges that 305 ILCS 5/10-1, the Illinois law that served as the basis for the judgment against him, violates the Equal Protection Clause because women receive custody and child support services more frequently than men (*Id.* at 10-11). Plaintiff points to various statistical data to substantiate his claim, such as the statistic that women receive custody in 82% of child custody cases and women receive 91% of child support payments (*Id.*). Plaintiff claims that the law is unconstitutional as applied to him (*Id.* at 14).

Because of the Saline County proceedings, Plaintiff alleges that he has been deprived of wages, that he is being held in a mounting debt (greater than $30,000), that he has suffered emotional distress, and that he has been subject to other collateral consequences such as a loss of driving privileges (*Id.* at 7, 12). He alleges four counts in his complaint: (1) that he was deprived of due process because the Saline County Circuit Court did not have jurisdiction over him; (2) that 305 ILCS 5/10-1 is unconstitutional; (3) that the Saline County Circuit Court committed fraud by endorsing the false sworn statement about his address; and, (4) that

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Defendants' behavior amounted to the intentional or negligent infliction of emotional distress (*Id.* at 14-15). He seeks a declaration that the actions of the Saline County Circuit Court violated his due process rights, as well as compensatory and punitive damages as the Court sees fit (*Id.* at 16).

After receiving the Amended Complaint (Doc. 10), this Court received an additional Complaint ("Third Amended Complaint") (Doc. 15) on June 15, 2017, from Plaintiff that contains minor additions and alterations to the Amended Complaint (Docs. 8, 10). At numerous points in the Third Amended Complaint, in hopes of bolstering his fraud claim, Plaintiff elaborates on the alleged willfulness with which Defendants endorsed the false statement regarding his residency (Doc. 15 at 2-3, 5-8, 15-18). He also cites a more nebulous amount for his garnished wages— "tens of thousands of dollars" (*Id.* at 7). In his attempts to circumvent the application of *Rooker-Feldman*, Plaintiff cites case five cases, three of which are from outside the circuit or overruled (*Id.* at 10). Lastly, Plaintiff provides additional justification for a monetary remedy (*Id.* at 18).

III. **Legal Analysis**

As a part of the § 1915(e)(2) screening, the Court must determine if the complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). **Dewalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000).** The complaint must contain allegations that go beyond a merely speculative level. **Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).** A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause

of action will not do." ***Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).** *Pro se* plaintiffs' allegations are given particular lenience, and they need not be artfully pled, so long as they present a basic story that holds together. *See e.g. Swanson v. Citibank, N.A.*, **614 F.3d 400, 404 (7th Cir. 2010).** However, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. ***Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding that a second amended complaint was too verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).**

A) Due Process, Fraud, and Infliction of Emotional Distress

Federal courts do not have jurisdiction to meddle in certain state court decisions pursuant to principles of abstention and what is commonly termed the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" ***Lance v. Dennis*, 546 U.S. 459, 460 (2006).** Stated another way, under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.'" ***Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996).** "[*Rooker*] and *Feldman* both proclaimed that if a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear that case; and the only appeal is to the [United States] Supreme Court after a final judgment by the highest state court." *Id.*

In an unpublished decision, the Seventh Circuit has explicitly applied this principle to a § 1983 action brought by a displeased parent seeking relief and an injunction against a state court for its physical custody and monetary child support judgments rendered against her favor. *See Mannix v. Machnik et al.*, **244 Fed. Appx. 37 (7th Cir. 2007).** The *Mannix* Court reasoned that relief from the child support and child custody decisions must be sought via the state appellate system (ending with the option of a petition for certiorari), and that injunctive relief could not be granted because federal district courts cannot grant injunctions absent extraordinary circumstances. *Id.* **at 38.**

Here, the Court lacks jurisdiction to entertain Plaintiff's claims because his claims are premised on his loss in state court. *See Lance*, **546 U.S. at 460 (2006).** Plaintiff complains of procedural and substantive due process violations committed by Defendants in procuring a child support judgment against him. Plaintiff also alleges that Defendants committed fraud by endorsing an allegedly erroneous statement regarding his address. For both claims, and the claim of infliction of emotional distress, Plaintiff's injuries are a direct result of a state court action. His claims fall squarely within the *Rooker-Feldman* doctrine as set forth by the Seventh Circuit in *Garry* and *Mannix*. *See Garry*, **52 F.3d at 1366;** *Mannix*, **244 Fed. Appx. at 38.** The cases that Plaintiff cites contending that *Rooker-Feldman* does not apply are either from outside the circuit or overturned. Thus, this Court will not entertain his fraud, infliction of emotional distress, or due process claims. *Id.* Though Plaintiff alleges that he tried to appeal the child support judgment in state court, he does not allege that he pursued his appeal to the highest state court, and even if he did, his only federal venue to appeal that outcome would be the United States Supreme Court. *See Garry*, **52 F.3d at 1366.**

### B) Constitutionality of 305 ILCS 5/10-1

Plaintiff also alleges that 305 ILCS 5/10-1 violates the Equal Protection Clause because it is not gender neutral. This claim fails either because it is barred by *Rooker-Feldman*, or, alternatively, because Plaintiff failed to state a claim.

In an unpublished decision, the Seventh Circuit applied *Rooker-Feldman* to bar a claim that gender discrimination and other constitutional infirmities in Plaintiff's divorce proceeding gave Plaintiff access to federal district court. ***Swanson v. Indiana*, 23 Fed. Appx. 558 (7th Cir. 2001).** In *Swanson*, the plaintiff challenged a state court ruling that ordered him to pay child support, *inter alia*, in the aftermath of his divorce. In hopes of avoiding application of *Rooker-Feldman*, the plaintiff appealed to the federal district court and argued that systematic gender discrimination by the defendants—the State of Indiana—led to the adverse child support ruling. *Id.* **at 559.** The Seventh Circuit held that the plaintiff lacked standing because the injury for which he sought redress resulted from the state court ruling. *Id.* The plaintiff's attempt to circumvent *Rooker-Feldman* by recasting his complaint as a broad attack on the allegedly discriminatory practices of the State of Indiana did not alter the nature of his claim. *Id.* **at 559-60.**

Like the plaintiff in *Swanson*, Plaintiff seeks to avoid application of *Rooker-Feldman* by recasting his complaint as a broad constitutional attack on 305 ILCS 5/10-1. Yet, like the injury for which the plaintiff in *Swanson* sought redress, the injury from which Plaintiff seeks relief stems from an adverse state court ruling. Therefore, adopting the *Swanson* rationale, despite Plaintiff's constitutional challenge to 305 ILCS 5/10-1, *Rooker-Feldman* applies and this Court lacks jurisdiction to adjudicate his constitutional complaint.

Alternatively, Plaintiff's claim also fails because he has pled insufficient facts to support a claim of unconstitutionality. "To withstand constitutional challenge, previous cases establish that classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig v. Boren*, **429 U.S. 190, 197 (1976).** In cases where the statutory classification is gender neutral on its face, a plaintiff can still successfully challenge the law under the Equal Protection Clause if "the adverse effect [of the law] reflects invidious gender-based discrimination." *Pers. Adm'r of Mass. v. Feeney*, **442 U.S. 256, 257 (1979).** To demonstrate invidious discrimination, a plaintiff must show "that the decision maker selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* **at 258;** *see also Chavez v. Ill. State Police*, **251 F.3d 612, 635-36 (7th Cir. 2001).** "[D]isparate impact alone is almost always insufficient to prove discriminatory purpose." *Alston v. City of Madison*, **853 F.3d 901, 907 (7th Cir. 2017) (citing** *Washington v. Davis*, **426 U.S. 229, 239 (1976)).** When relying solely on statistics that demonstrate disparate impact, the plaintiff must identify defendant's policy or policies that caused the disparate impact. *Alston*, **853 F.3d at 908 (quoting** *Texas Dep't of Hous. and Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, **135 S.Ct. 2507, 2523 (2015)).**

Plaintiff argues that 305 ILCS 5/10-1 is unconstitutional because the law provides inadequate protection for men since the absent parent is more frequently the father (Doc. 10 at 10). He contends that this creates a bias that makes it impossible for judges to render impartial decisions that do not unfairly account for the gender of the absent parent (*Id.* at 10-11). However, the disproportionate success of women in child custody cases and in the collection of

child support services does not, on its own, substantiate that 305 ILCS 5/10-1 is unconstitutional. The contested statute uses gender neutral language, so Plaintiff must demonstrate that "the adverse effect [of the law] reflects invidious gender-based discrimination." *Feeney*, **442 U.S. at 257 (1979).** However, Plaintiff fails to allege any facts that suggest that the Illinois state legislature wrote 305 ILCS 5/10-1 "at least in part 'because of'" its adverse effects on men. *Id.*, **442 U.S. at 258.** He relies solely on statistics to support his allegation, but, even conceding that the statistics demonstrate disparate impact, Plaintiff does not identify Defendants' policy or policies that allegedly cause the disparate impact. Indeed, Plaintiff does not offer any assertions or other narrative to support his claim that the law creates judicial biases that make the fair administration of child support services impossible other than citing three statistics (Doc. 10 at 11). Since these allegations do not go beyond a merely speculative level, Plaintiff fails to state a valid claim for which relief can be granted. *See Twombly*, **550 U.S. at 555.**

IV. **Conclusion**

Based on this analysis, Plaintiff fails to present any factually or legally meritorious grounds for his action to proceed before this Court. Plaintiff's fraud, infliction of emotional distress, and procedural and substantive due process claims arise from an adverse state court judgment and, as such, are barred from proceeding in this Court by the *Rooker-Feldman* doctrine. His constitutional challenge to 305 ILCS 5/10-1 is either barred by the *Rooker-Feldman* doctrine or, alternatively, is mere speculation and, therefore, does not state a valid claim for which this Court can grant relief. Therefore, the Court **DISMISSES** Plaintiff's Amended Complaint.

This dismissal shall be with prejudice because the Court finds that any amendment would be futile. *See Bethany Pharmacy Co. v. QVC, Inc.*, **241 F.3d 854, 860-61 (7th Cir. 2001)**

**("Although leave to amend a complaint should be freely granted when justice so requires, the district court need not allow an amendment . . . when the amendment would be futile.").** Though disfavored, dismissal with prejudice may be permissible where a plaintiff has been given numerous chances to amend his or her pleadings and has failed to provide any plausible grounds upon which a claim may proceed. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666-68 (7th Cir. 2007) **(affirming a district court's dismissal of a third amended complaint where the plaintiff failed to follow very explicit directions as to how to plead their claims in compliance with Rule 8).** Here, Plaintiff has received numerous chances to file amended pleadings; but, in so doing, he has been unsuccessful in identifying any facts that suggest a valid claim. *Pro se* plaintiffs are afforded great deference, but this Court is not required to allow them opportunities to amend *ad nauseam* where doing so would be futile. While Plaintiff may not proceed before this Court, this Order does not preclude further action in Illinois state court.

In light of the dismissal of Plaintiff's Complaint, the Court finds it appropriate to **DENY** his pending motion for leave to proceed *in forma pauperis* (Doc. 3). The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: June 23, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge